IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL SELKIRK and SUSAN SELKIRK, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| GENERAL MOTORS, LLC a/k/a GENERAL | : | |
| MOTORS COMPANY; JOHNSON CONTROLS, | : | NO. 13-331 |
| INC.; and BRIAN P. HECK | : | |
| Defendants. | : | |

### MEMORANDUM RE: PLAINTIFFS' MOTION TO REMAND

**Baylson, J.**                                                                                                          **July 2, 2013**

Plaintiffs (Russell Selkirk and his wife Susan Selkirk) have moved to remand their personal injury lawsuit back to state court.  For the reasons that follow, Plaintiffs' motion will be DENIED.  Defendant Johnson Controls will be given leave to file an amended notice of removal to cure a minor technical deficiency in its jurisdictional allegations.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On September 8, 2010, Plaintiff Russell Selkirk was partially paralyzed when a car driven by Defendant Brian Heck crashed into the back of Selkirk's car.  Although Plaintiffs entered into a settlement agreement with Heck in November 2011, Plaintiffs named Heck as one of three Defendants in a personal injury action that they filed in September 2012 in the Court of Common Pleas of Philadelphia County.  The two other Defendants that Plaintiffs named in the action are General Motors ("GM"), the manufacturer of Selkirk's car, and Johnson Controls, the manufacturer of Selkirk's driver's seat.  Unlike Heck, who is a resident of Pennsylvania, neither General Motors nor Johnson Controls is a citizen of Pennsylvania for purposes of diversity jurisdiction.

At oral argument on June 27, 2013, the parties stipulated to the relevant facts in this dispute. These facts are as follows:

On September 7, 2012, Plaintiffs initiated the state court action by serving a writ of summons. The three Defendants received this writ of summons by September 20, 2012. Plaintiffs thereafter filed a Complaint on October 26, 2012 via the court's electronic filing system. Plaintiffs' Complaint did not provide grounds for removability since the inclusion of Heck as a defendant destroyed complete diversity.

GM filed the first Answer (with New Matter and a Cross Claim) to Plaintiffs' Complaint on December 6, 2012. GM served its Answer on all parties through certified mail. Brian Heck submitted his Answer (with New Matter) on December 7, 2012. Heck's New Matter raised the affirmative defense of release, which he supported by attaching a copy of the November 2011 settlement agreement. Unlike GM, however, Heck did not serve his Answer/New Matter on the other parties through mail; Heck relied instead on the court's electronic filing system. Johnson Controls was not notified of Heck's electronic filing because its counsel had not yet made an entry of appearance.

On December 14, 2012, Johnson Controls entered an appearance in the case, thereby gaining access to the electronic docket, which included a copy of Heck's Answer/New Matter. On December 20, 2012, Johnson Controls submitted its Answer (with New Matter and a Cross Claim), and at a case management conference held that same day, Johnson Controls received a copy of Heck's settlement agreement from Heck's attorney.

On January 18, 2013, Johnson Controls filed a Notice of Removal on the basis of complete diversity since Heck was at most a nominal defendant who can be disregarded for

2

purposes of diversity jurisdiction.[1]  Plaintiffs thereupon filed a Motion to Remand on the basis that Johnson Controls's notice of removal was both untimely and defective.  (ECF No. 4). Plaintiffs contend the notice was untimely because it was filed more than 30 days after Johnson Controls was first put on notice of the settlement agreement.  The notice was defective, Plaintiffs claim, because it failed to demonstrate the citizenship status of GM with sufficient particularity and proof.

**II.     ANALYSIS**

**A.     The Notice of Removal Was Timely**

Where a case is not removable based on the allegations in the initial pleading but becomes removable at some point thereafter, federal law dictates that the notice of removal be filed "*within 30 days* after *receipt* by the defendant, *through service or otherwise*, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphases added). Since the parties here agree that the settlement agreement constituted an "other paper,"[2] the Court must determine the date that Johnson Controls first had "receipt" of the settlement agreement through "service or otherwise."

Plaintiffs argue that Johnson Controls received the agreement through service or otherwise on December 7, 2012, the day that Heck served his Answer/New Matter on the parties through the court's electronic filing system.  The Court disagrees.  When Heck electronically served his response on the parties, Johnson Controls had not yet entered its appearance in the

---

[1] See Bumberger v. Insurance Co. of North Am., 952 F.2d 764, 767 (3d Cir.1991) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").  Since the parties agree that Heck is, at most, a nominal defendant, the Court will pass on determining whether Plaintiffs fraudulently joined Heck as a way to defeat federal jurisdiction.

[2] See Charles Alan Wright et al., 14C Fed. Prac. & Proc. Juris. § 3731 ("The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope."); Eleby v. Steigerwald, No. 10-1500, 2010 WL 1838680, at *3 (E.D. Pa. Apr. 30, 2010) (same).

case. Accordingly, Johnson Controls did not receive notice of Heck's filing—a point Plaintiffs' counsel conceded at oral argument.

Plaintiffs alternatively argue that Johnson Controls received service or otherwise on December 14, 2012, the day Johnson Controls's counsel made an entry of appearance. By entering the case, Johnson Controls had free access to the electronic docket, which included Heck's Answer/New Matter and all other prior filings in the case. Plaintiffs argue that this placed Johnson Controls on constructive notice of the settlement agreement, since the agreement was included in Heck's filing and was thereby discoverable through reasonable diligence. Plaintiffs' argument falls short, however, because receipt through service or otherwise requires "actual notice," not merely constructive notice. Charles Alan Wright et al., 14C Fed. Prac. & Proc. Juris. § 3731. Courts in this this jurisdiction have repeatedly affirmed this requirement. E.g., Eleby, 2010 WL 1838680, at *3 ("[T]he purpose of the [removal] statute is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner." (quoting Broderick v. Dellasandro, 859 F.Supp. 176, 178 (E.D. Pa. 1994)); Bishop v. Sam's East, Inc., No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) (same); Marchiori v. Vanguard Car Rental USA, Inc., No. 05-5685, 2006 WL 724445, at *2 (E.D. Pa. Mar. 17, 2006) (same).

The Court finds, therefore, that the 30-day window was not triggered until Johnson Controls received the settlement agreement from Heck's attorney at the case management conference on December 20. Since Johnson Controls filed its notice of removal on January 18, 2013 (i.e., within 30 days of receiving the settlement agreement), the notice was timely.

B.     **The Notice of Removal Was Not Defective**

Plaintiffs argue that remand is independently warranted by alleged deficiencies in the notice of removal.  Plaintiffs argue that Johnson Controls erred by (1) failing to provide documentary proof to support its allegations about GM's citizenship status, and (2) failing to specifically aver that GM was not a Pennsylvania citizen at the time the Complaint was filed.  Neither of these arguments warrant remand.

First, Johnson Controls was not required to provide documentary proof of GM's citizenship status.  According to the Third Circuit, "detailed grounds for removal need not be set forth in the notice" as "the same liberal rules employed in testing the sufficiency of a pleading should apply to appraising the sufficiency of a defendant's notice of removal."  USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.12 (3d Cir. 2003).  A notice of removal thus only requires factual allegations; independent proof is not necessary where Plaintiffs make no substantive contention that diversity jurisdiction is/was lacking.

Second, Johnson Controls's failure to specifically reference GM's citizenship status at the time of the Complaint is a technical deficiency that does not warrant a remand.[3]  Zhao v. Skinner Engine Co. et al., No. 11-7514, 2012 WL 1758145, at *2 (E.D. Pa. May 16, 2012).  When removal is based on diversity jurisdiction, "diversity of citizenship must exist both when the complaint is filed and when the case is removed."  Id. at *1 (citing cases).  Here Plaintiffs do not challenge the factual existence of diversity jurisdiction, either at the time of the Complaint or

---

[3] Johnson Controls's notice of removal states that GM is a limited liability company (LLC).  Because of this, GM's citizenship status must be determined by looking to the citizenship of its partners.  Zambelli Fireworks Mfg. v. Wood, 592 F.3d 412, 418–19 (3d Cir. 2010).  According to the notice of removal, "the sole member of GM *is* General Motors Holdings LLC, which *is* wholly owned by General Motors Company, a corporation organized under the laws of Delaware, with its principal place of business in Michigan." Not. of Removal ¶ 14 (emphases added).  Plaintiffs claim that this averment is deficient because it refers to the citizenship status of GM's member in the present tense (i.e., "is"), without also referring to the citizenship status of GM's member(s) at the time the Complaint was filed.

5

now.[4]  Plaintiffs merely claim that Johnson Controls failed to plead its jurisdictional allegations with the requisite degree of precision.  At most, however, such a deficiency constitutes an "imperfect statement of citizenship," Charles Alan Wright et al., 14C Fed. Prac. & Proc. Juris. § 3733, that is best cured through amendment, not remand, Zhao, 2012 WL 1758145, at *2 ("[T]o the extent that the jurisdictional allegations in [defendant's] removal notice are deficient, they are only technically so.  And in such a case, 'amendment, rather than remand, is appropriate.'" (quoting Ellerbee v. Union Zinc, Inc., 881 F. Supp. 162, 165 (E.D. Pa. 1995)).  Accordingly, the Court will give **Johnson** Controls leave to file an amended notice of removal with a perfected statement of the parties' citizenship at the time the Complaint was filed.

### III.  CONCLUSION

For the foregoing reasons, the Court will DENY Plaintiff's Motion to Remand, and give leave for Johnson Controls to file an amended notice of removal.

An appropriate order follows.


O:\CIVIL 13\13-331 selkirk v. general motors\remand_opinion.doc

---

[4] At oral argument, Plaintiffs' counsel conceded that Plaintiffs had no factual basis to suspect GM was a citizen of Pennsylvania at the time the Complaint was filed.  Plaintiffs' counsel declined, therefore, the option of seeking discovery into the matter.